UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| LENA MARIE LINDBERG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Misc. No. 23-0096 (UNA) |
| | ) | |
| BRUCE LEE ASSAM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* "Motion to Proceed In Forma Pauperis\* and Amended\*\* Motion for Writ of Error Coram Nobis pursuant to the All Writs Act 28 U.S.C. § 1651(a)" (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DENIES the petition.

"A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013). The Court may grant coram nobis relief only in "extraordinary cases" where it is necessary "to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted). Coram nobis may be used to redress "fundamental error[s]" in criminal proceedings, such as violations of the Sixth Amendment right to counsel. *Id*. (citing *United States v. Morgan*, 346 U.S. 502, 507, 513 (1954)). "[C]oram nobis is not 'a free pass for attacking criminal judgments long

after they have become final.'" *United States v. Faison*, 956 F. Supp. 2d 267, 270 (D.D.C. 2013) (quoting *United States v. Riedl*, 496 F.3d 1003, 1004 (9th Cir. 2007)).

"A petitioner seeking a writ of coram nobis must show that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.* at 269 (quoting *United States v. Hansen*, 906 F. Supp. 688, 692–93 (D.D.C. 1995)). The Court is unable to determine from the petition whether petitioner has been convicted of a crime and, if so, in what State(s). And even if the petitioner has been convicted of a crime and met the above criteria, this Court lacks jurisdiction to grant the writ. "[T]he All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction," *Denedo*, 556 U.S. at 913, and where a conviction at issue "is the result of a *state court* judgment, . . . a *federal district* court lacks subject matter jurisdiction," *Stoller v. United States*, 216 F. Supp. 3d 171, 175 (D.D.C. 2016) (emphasis in original)), *aff'd*, 697 F. App'x 10 (D.C. Cir. 2017).

An Order accompanies this Memorandum Opinion.

*[signature]*

DATE: October 3, 2023

DABNEY L. FRIEDRICH
United States District Judge